411 F.Supp. 749 (1975)
In the Matter of John Philip BLACK and Jerri Sue Black, a/k/a Jerri Sue Debold, Bankrupts.
Michael N. TOUSEY, Trustee, Plaintiff,
v.
The CLINTON COUNTY NATIONAL BANK, Defendant.
Nos. B2 74-2167, B2 74-2168.
United States District Court, S. D. Ohio, E. D.
November 13, 1975.
Michael M. Tousey, Columbus, Ohio, for plaintiff.
*750 Jeffrey L. Wright, Wilmington, Ohio, for defendant.

OPINION AND ORDER
DUNCAN, District Judge.
This is an appeal from the Bankruptcy Court's determination that appellant Clinton County National Bank is civilly liable under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., to the bankrupt estates for a statutory penalty, attorneys fees, and costs. On cross motions for summary judgment, the Bankruptcy Judge found that when appellant loaned the bankrupts money on March 2, 1974, it failed to disclose the "due dates or periods of payments scheduled to repay the indebtedness," as required by 15 U.S.C. § 1639(a)(6):
(a) Any creditor making a consumer loan . . . shall disclose each of the following items, to the extent applicable:
. . . . .
(6) The number, amount, and the due dates or periods of payments scheduled to repay the indebtedness.[1]
Appellant disclosed the number of payments (24), the amount of the payments ($131.87 each), and the fact that the payments were to be made in "consecutive monthly installments." Appellant did not complete, however, the area on its disclosure form which was designed to inform the bankrupts of the date of each month on which the monthly installments were due. The disclosure form, then, provided as follows:
For value received, I or we, jointly and severally promise to pay to the order of THE CLINTON COUNTY NATIONAL BANK & TRUST CO., Wilmington, Ohio Thirty One Hundred Sixty Four and 88/100 Dollars ($3,164.88) at any of its offices, in 24 consecutive monthly installments of $131.87 each, and one installment of $___, the first installment to become due and payable on the ___ day of ___, 19__. Successive payments are to be made on the same day of each month thereafter.
Appellant argues on appeal, as it did below, that the 15 U.S.C. § 1639(a)(6) requirement which this case concerns is written in the disjunctive, "the due dates or periods of payments scheduled to repay the indebtedness," and that it complied with the requirement of disclosing the "periods of payments" by informing the debtors that the repayments were to be paid in consecutive monthly installments. The Bankruptcy Judge rejected this argument with the following discussion:
We find unpersuasive the Bank's argument that since the pre-printed language indicates that the payments are to be monthly that the Bank has complied with the disjunctive part of the requirement of Regulation Z, namely, to designate the `periods of payments.' To find that the payments might be monthly, but that the day of each month need not be disclosed when an acceleration clause provides for default if a payment is missed is to place the borrower in peril and approve as one Court said in another connection `the calculated ambiguity the Act was designed to remedy.' Woods v. Beneficial Finance Co. of Eugene [395 F.Supp. 9] (D.Or., 1975). As the Court said in Thomas v. Myers Dickson Furniture Co., 479 F.2d 740, 741 (5th Cir. 1973):
It is the purpose of this subchapter to assure a meaningful disclosure of credit terms.
Nearly every case cited in Exhibit B makes the same or a similar statement. We cannot find the disclosure regarding the due dates of payments to be meaningful in the 1974 loan and therefore find a violation of the Truth in Lending Act.
*751 The proper starting point in any case involving statutory construction is, of course, the language of the statute itself. The Truth in Lending Act by its terms does not require that the creditor disclose both the due dates of repayment and the periods of repayment. By use of the word "or" in 15 U.S.C. § 1639(a)(6), Congress deemed it sufficient to require one or the other, but not both. The major concern of Congress in enacting this legislation  that the true cost of the credit be revealed to the consumer is implemented when the disclosure form includes the number and dollar amount of monthly installment payments. Precisely when during each month the installments are due is of course of interest to the creditor and debtor alike, and the failure to provide such information to the debtor would be relevant to a court presented with the question of whether a default had occurred. But the inquiry under the Truth in Lending Act is not whether, under general principles of law, the debtor was adequately informed of all conditions pertinent to possible default. The question, rather, is whether that information required by the statute to be disclosed was in fact disclosed. In the judgment of this Court, when appellant disclosed that repayment would be by consecutive monthly installments, it conformed adequately to the 15 U.S.C. § 1639(a)(6) requirement that the periods of payments scheduled to repay the indebtedness be revealed.
Appellant raises as a second issue on appeal the reasonableness of the attorneys fee award ordered by the Bankruptcy Court on July 7, 1975. In light of this Court's determination that appellant did not violate the Act, the award must be vacated without reference to whether it was a reasonable award.
The orders of the Bankruptcy Court entered on June 6 and July 7, 1975, in these cases are REVERSED. The cases are remanded with instructions that judgment be entered in favor of Clinton County National Bank.
So ORDERED.
NOTES
[1] Regulation Z, 12 C.F.R. § 226.8(b)(3), essentially restates the requirement set out in the statute:

(b) Disclosures in sale and noncredit. In any transaction subject to this section, the following items, as applicable, shall be disclosed:
. . . . .
(3) The number, amount, and due dates or periods of payments scheduled to repay the indebtedness . . ..